CHARLES CLINTON BANDELIER, II *v.* STATE OF INDIANA

[No. 3-877A200. Filed March 1, 1978.]

*John F. Surbeck, Jr.*, Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Jack R. O'Neill*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Charles Clinton Bandelier, II, was convicted following a trial to the court of the offense of

violation of the Indiana Uniform Controlled Substances Act, to-wit: possession of marijuana, and sentenced to the Indiana Department of Correction for a period of three years. This appeal follows the denial of appellant's motion to correct errors.

The sole issue raised on appeal is whether the trial court erred in denying appellant's motion to suppress certain evidence seized from appellant's vehicle. The evidence adduced at the hearing on the motion to suppress reveals that at approximately 12:45 A.M. on August 30, 1976, Officer Jeffrey L. Robison of the New Haven Police Department noticed a speeding vehicle. The vehicle stopped and appellant began walking away from the vehicle. The officer then stopped his vehicle and, after recognizing appellant, suspected that appellant had the wrong license plates on the vehicle he was driving. Officer Robison called out to appellant and asked to talk to him. Appellant came to the officer's car and stood by the officer's car near the window. Appellant admitted that the license plates on the car were registered to another vehicle he owned. During the conversation, appellant stated that there might possibly be a bench warrant for his arrest. Officer Robison had appellant sit in the back seat of the officer's car while it was checked out. After the radio dispatcher confirmed that there was an outstanding warrant, Officer Robison informed appellant that he was under arrest.

Appellant then left the officer's vehicle and started walking toward his own car. Officer Robison called out to appellant and told him he was under arrest and to get back into the officer's vehicle. However appellant continued on to his own vehicle. Thereupon Officer Robison got out of the squad car and went to appellant's car. As he arrived, appellant had already opened his car door and was bending down inside the car. Officer Robison pulled appellant from the car and put appellant to his right side toward the rear of the car. Officer Robison told his partner Officer Koenneman to search appellant. Officer Robison saw a brown paper bag laying on top of the seat, took it from the vehicle and upon inspection observed what appeared to be marijuana. As Officer Robison looked inside the bag, appellant grabbed the bag and attempted to flee.

Officer Robison further testified that as appellant was going

toward his automobile he mentioned something about having to get something from his car, and when pulled from the car by Officer Robison, mentioned something about his car keys.

In his brief, appellant concedes that Officer Robison properly made an arrest for the offense of using false or fictitious registration numbers[1] on his vehicle, and further concedes that Officer Robison had the authority to place appellant under arrest on the outstanding bench warrant. However, relying on *Paxton et al. v. State* (1970), 255 Ind. 264, 263 N.E.2d 636, appellant contends that neither was there probable cause to believe that the automobile or the bag contained articles Officer Robison was entitled to seize nor was there a proper search incident to arrest since the bag was not in the area of appellant's control at the time of its seizure.

In *Paxton*, the defendant was arrested on a charge of reckless driving. The defendant and his two passengers were then searched by the police officer and placed in the officer's squad car. The officer then made a preliminary search of the defendant's automobile, finding defendant's overcoat containing approximately $38 in change underneath the front seat. Knowing that a local tavern had been broken into approximately one-half hour earlier and change taken from a cigarette machine located therein, the officer arrested the three individuals on a "pre-burglary" charge. Another officer arrived on the scene shortly after the discovery of the overcoat and conducted a further search of the automobile discovering articles which had been taken in other robberies. Our Supreme Court stated that "there are two not mutually exclusive theories upon which the search of an automobile may be constitutionally rationalized on an arrest for a traffic violation." 255 Ind. at 273, 263 N.E.2d at 641.

One theory, enunciated in *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, permits a warrantless search of an automobile where there is probable cause to believe that the car contains articles that the officers are entitled to seize.

The second theory, enunciated in *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, permits a warrantless search

---

1. IC 1971, 9-1-4-20 (Burns Code Ed.). IC 1971, 9-1-4-53 (Burns Code Ed.).

incident to an arrest of the arrestee's person and the area within his immediate control. However, this could not justify the search leading to the discovery of the overcoat in *Paxton* because its discovery was not made until after the three persons had been searched and placed in the rear seat of the squad car. Thus, the arresting officer could no longer reasonably believe he was in danger nor that evidence contained in the automobile could be destroyed by the defendants. What the court condemned in *Paxton* was the placing of the individuals in the squad car and then returning to the car for a search. The case at bar is thus distinguishable from *Paxton*. Although appellant was sitting in the back seat of the squad car when informed that he was under arrest, appellant brought the grocery bag within the area under his immediate control for *Chimel* purposes when he left the squad car, disregarded the officer's command to return and opened the door to his automobile and reached inside. The fact that Officer Robison pulled appellant from the open door and placed him toward the rear of the automobile does not change the result. *See, Frasier v. State* (1974), 262 Ind. 59, 312 N.E.2d 77, *cert. den.* 419 U.S. 1092.

Appellant's own conduct thus brought the area of the front seat within his immediate control. Accordingly, the inspection of the paper bag was proper and the trial court did not err in overruling appellant's motion to suppress.

Judgment affirmed.

Robertson, C.J., participating by designation, concurs.

Staton, P.J. concurs in result.

NOTE—Reported at 372 N.E.2d 1235.