**Edward BLOOD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 279S52.

Supreme Court of Indiana.

Jan. 15, 1980.

Lee J. Christakis, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with murder, Ind. Code § 35–42–1–1 (Burns 1979), and convicted in a trial by jury of voluntary manslaughter, Ind. Code § 35–42–1–3 (Burns 1979). He was sentenced to sixteen (16) years imprisonment. His appeal presents the following issues:

(1) Whether the trial court erred in overruling Defendant's motion for a mistrial predicated upon an improper disclosure by a State's witness that Defendant had been previously imprisoned.

(2) Whether the verdict was supported by sufficient evidence.

\*   \*   \*   \*   \*   \*

### ISSUE I

During direct examination, Police Officer Townsell, a State's witness, made reference to the defendant's having previously been in prison in California. The surprised trial prosecutor exclaimed, "Objection, Jesus!" and defense counsel immediately moved for a mistrial. Outside the presence of the jury, the court heard counsel's arguments and overruled the motion. When the jury returned it was carefully advised that the answer had been stricken from the record and admonished that it was not to be considered. In response to the court's questions, the jury replied that they understood the admonishment and could abide by it.

Defendant relies upon *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312, but fails to note important distinctions. In *White*, it appeared that the offending testimony had been deliberately induced. Here, it is clear that it was an unwitting response to a proper question. Hence the element of "sanctions" was not present.

■ The granting of a mistrial lies within the sound discretion of the trial court. That court's determination will be reversed only where an abuse of that discretion can be established. *Blackburn v. State*, (1979) Ind., 390 N.E.2d 653. Defendant urges, however, that the trial court did, in fact, abuse its discretion. To support this, he argues that the trial court's statement that he would "try to cure it by an admonishment" indicates that the court was uncertain that an admonition would be effective. This comment, however, must be considered in the context of the court's admonishment and examination of the jury.

The trial court was in the best position to judge the effect, if any, of Officer Townsell's statement. While the trial court was obviously concerned about the remark, it does not follow that he did not believe that it could be corrected. It is clear that the trial court admonished and examined the jury until he was convinced and reasonably so, that they would disregard the improper testimony.

Under *White, supra,* the burden is upon the defendant to show, on appeal, that he was placed in grave peril by the denial of the mistrial motion. In that case, the evidence was in sharp conflict, entitling the jury to go either way upon the issue of guilt or innocence, and we noted that we could not say with certainty that with such a difficult decision, the jury was not influenced by the improper testimony.

In the case before us, there was little, if any, conflict in the testimony. The only issue was whether the shooting had occurred accidentally or deliberately, and the circumstances surrounding the incident did not support the defendant's claim.

The primary argument made by appellant counsel for the defendant is that his trial counsel had not intended to have the defendant testify but that the disclosure of his having been imprisoned compelled him to place the defendant upon the witness stand to reveal that his prior convictions were remote in time and involved no violence. We also note, that in argument upon the mistrial motion, trial counsel had stated that he had not yet decided whether or not the defendant would testify. We perceive this to be an argument conceived in desperation. There were no witnesses to the shooting. The circumstances that transpired earlier in the evening and the type and condition of the gun employed evidenced an intentional and malicious killing. The witness who injected the improper and extraneous matter was the last of the State's witnesses to testify, and the State had presented a devastating prima facie case of deliberate murder.

It is apparent that the decision to take the stand and thus to reveal the additional convictions was compelled, not by a need to mitigate against possible prejudice arising from the revelation of a prior imprisonment but rather, by virtue of the defendant's being the only person who could present his claim of "accident."

We also note that, although the improper testimony revealed only that the defendant had been in prison in California, his testimony revealed that he had also been convicted once in California and twice in Texas of crimes of dishonesty. The conviction in California, as well as the convictions in Texas, were remote in point of time, having occurred during the defendant's youth; and it is highly questionable that they would have had a prejudicial influence upon the jury.

■ Defendant has failed to show an abuse of discretion by the trial judge and has further failed in his burden to show that he was harmed by the ruling even, assuming arguendo, that it was erroneous.

### ISSUE II

It is Defendant's contention, upon this sufficiency issue, that the State failed to prove that he "knowingly or intentionally" shot the victim, Carol Sue Gordon. He testified at trial that his gun accidentally discharged when the victim grabbed his arm, as he was attempting to place the gun on the floorboard of his car.

■ On appeal, we will examine only the evidence most favorable to the State and all

reasonable inferences to be drawn therefrom, in order to determine if there existed sufficient evidence of probative value to support the jury's verdict. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831. We will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State,* (1977) 266 Ind. 604, 365 N.E.2d 1218.

The evidence most favorable to the State shows that Carol Sue Gordon and the Defendant lived together as husband and wife. On December 18, 1977, they attended a Christmas party at the home of one of Mrs. Gordon's co-workers. During the evening, Defendant went to his car, got his pistol, and put it in the waistband of his trousers. He then returned to the party.

For approximately one (1) hour prior to the shooting, Mrs. Gordon was engaged in conversation with one of her employers, a black man. The defendant did not like blacks, and he stated to police that he did not "like it when Carol Sue talked with the colored" man.

During Mrs. Gordon's conversation with the black man, the Defendant motioned to her several times, indicating that he wished her to cease, but she refused. An argument ensued between them, and Mrs. Gordon expressed fear that the Defendant would kill her. Several people interceded in an attempt to calm the situation. After stating that they loved each other, Defendant and Mrs. Gordon left the party. Defendant returned in approximately five (5) minutes, became very emotional, and stated that he had shot Mrs. Gordon. He later told a Lake County Police Officer that immediately prior to the shooting Mrs. Gordon said, "No Ed, don't do it or no honey, don't do it."

Another police officer testified that he had tested the defendant's gun, and it required approximately five and one-half pounds of pressure to fire. A pathologist testified that Mrs. Gordon had been shot in the left ear at close range. There were no powder marks on her hands or fingers, indicating to him that they were not in the "vicinity of the weapon."

 State of mind may be established by the circumstances surrounding the killing and the method of killing. *McKinstry v. State,* (1975) 264 Ind. 29, 338 N.E.2d 636. Thus, there was ample evidence from which the jury could infer that the defendant acted knowingly or intentionally.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.