**Jon Richard PERKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4-183A14.

Court of Appeals of Indiana, Fourth District.

July 13, 1983.

Rules of Procedure, Appellate Rule 15(H)(1).

Larry D. Combs, Clarke House, Franklin, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Jon Richard Perkins (Perkins) appeals his jury conviction for possession of marijuana in excess of 30 grams, a class D felony.[1]

We affirm.

## ISSUE

Did the trial court err by denying Perkins's motion to suppress evidence seized during a search of the passenger compartment of the car Perkins was driving just prior to his being placed under custodial arrest?

## FACTS

On May 16, 1982, Perkins was stopped by an Edinburgh police officer for failing to stop at two intersections. While approaching Perkins's car, the officer smelled marijuana, then noticed a marijuana cigarette butt in the ashtray and a package of green vegetation between the front seats. When the field test indicated the green vegetation was marijuana, Perkins was arrested for possession thereof, handcuffed, and placed in the back of the police van. The officer then searched the passenger compartment of the car. He found and removed an unsheathed knife, a white cardboard box, and a paper bag containing 13 small bags of marijuana. Perkins was convicted of possession of marijuana in excess of 30 grams, a class D felony.

He appeals.

## DISCUSSION AND DECISION

Perkins argues the trial court erred by denying his motion to suppress the marijuana seized during a search of the passenger compartment of the car he was driving immediately before he was placed under custodial arrest. He claims the warrantless search was improper because it does not fit within any of the exceptions to the Fourth Amendment's warrant requirement. He states the search was not a search incident to arrest because the area was not under his immediate control at the time of the search, nor was it a situation falling under the "automobile exception." Since we find the search was valid as incident to the arrest, we need not address the "automobile exception" argument.

Perkins argues the search was not incident to the arrest. The area searched was no longer under his immediate control since he was handcuffed and placed in the police van, Perkins claims. He supports his argument by quoting the arresting officers' testimony they were not in fear for their safety or in fear Perkins could destroy evidence. These are the theoretical bases for the search incident to arrest exception to the Fourth Amendment. *Chimel v. California,* (1969) 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; *Romack v. State,* (1983) Ind. App., 446 N.E.2d 1346.

However, the most recent authority on the definition of the area within the arrestee's immediate control is the United States Supreme Court's decision in *New York v.*

1. *See* Ind.Code 35-48-4-11.

**356**

*Belton,* (1981) 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768. In *Belton* the Supreme Court defined the area which may be searched incident to an arrest. Under similar facts, the Court said:

> While the *Chimel* case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of "the area within the immediate control of the arrestee" when that area arguably includes the interior of an automobile and the arrestee is its recent occupant. Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary item." *Chimel, supra,* at 763, 89 S.Ct., at 2040. In order to establish the workable rule this category of cases requires, we read *Chimel's* definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.

*Id.* at 460, 101 S.Ct. at 2864 (footnotes omitted). In effect, this case eliminates the requirement that the officer fear for his personal safety or the safety of the evidence. *See also Fyock v. State,* (1981) Ind. App., 428 N.E.2d 58.

The search was valid. The trial court did not err by denying Perkins's motion to suppress.

Affirmed.

MILLER and RATLIFF (sitting by designation), JJ., concur.