## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 23 2018, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Walker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 23, 2018

Court of Appeals Case No.
18A-CR-153

Appeal from the Marion Superior Court

The Honorable David J. Certo, Judge
The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G12-1610-CM-42103

**Bradford, Judge.**

# Case Summary

Kevin Walker appeals his conviction for Class A misdemeanor possession of a synthetic drug. In challenging his conviction, Walker contends that the trial court abused its discretion in admitting certain evidence. We affirm.

# Facts and Procedural History

On October 25, 2016, Indianapolis Metropolitan Police Officer Michael Pflum approached Walker after observing that Walker's moped was illegally parked on the sidewalk in violation of a city ordinance. Officer Pflum asked Walker for his identification. Walker complied with this request but started to act nervously. Walker approached the moped and acted as if he was trying to keep Officer Pflum away from it. When Officer Matthew Carroll arrived, he observed a brown wrapper containing what both he and Officer Pflum recognized as synthetic marijuana on the sidewalk next to the moped. Officer Pflum placed Walker under arrest for possession of synthetic marijuana. A subsequent search of the moped revealed additional synthetic marijuana.

The next day, the State charged Walker with Class A misdemeanor possession of a synthetic drug. During the January 5, 2018 bench trial, Walker moved to suppress the evidence stemming from his arrest, arguing that Officers Pflum and Carroll did not have probable cause to arrest him. The trial court denied Walker's motion, concluding that the officers had probable cause to arrest

Walker. The trial court subsequently found Walker guilty and sentenced him to a one-year suspended term.

# Discussion and Decision

[4] Walker contends on appeal that the trial court abused its discretion in denying his motion to suppress. However, because Walker did not seek an interlocutory appeal after the denial of his motion to suppress, "the issue presented is more appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Bentley v. State*, 846 N.E.2d 300, 304 (Ind. Ct. App. 2006), *trans. denied*.

> A trial court has broad discretion in ruling on the admissibility of evidence. Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court.

*Id.* (internal citations omitted).

[5] Generally, the Fourth Amendment to the United States Constitution prohibits a warrantless search. *Berry v. State*, 704 N.E.2d 462, 465 (Ind. 1998). One exception to this rule is a search incident to a lawful arrest. *Gibson v. State*, 733 N.E.2d 945, 953 (Ind. Ct. App. 2000). "Evidence resulting from a search incident to a lawful arrest is admissible at trial." *Id.* However, "[a]n unlawful arrest cannot be the foundation of a lawful search." *Id.* "Evidence obtained as

a direct result of a search conducted after an illegal arrest is excluded under the fruit of the poisonous tree doctrine." *Id.* at 954.

[6] Walker argues that his arrest was unlawful because Officers Pflum and Carroll lacked probable cause to arrest him. "Probable cause exists where the facts and circumstances within the officers' knowledge are sufficient in themselves to warrant a person of reasonable caution to believe that the person being arrested has committed or is in the process of committing an offense." *Jackson v. State*, 597 N.E.2d 950, 956–57 (Ind. 1992). "The amount of evidence necessary to satisfy the probable cause requirement for a warrantless arrest is determined on a case-by-case basis." *Moffitt v. State*, 817 N.E.2d 239, 246 (Ind. Ct. App. 2004).

[7] Walker claims that in order to have probable cause to arrest him, Officers Pflum and Carroll had to establish that he had actual or constructive possession of the synthetic marijuana found on the ground near his moped. We agree with the State's assertion that while such proof would have been required to sustain a conviction for possession of that synthetic marijuana, the question on review in this case is not whether the evidence would be sufficient to sustain a conviction, but rather whether it was sufficient to lead a reasonable person to believe that a suspect has committed a crime. We conclude that it was.

[8] Officer Pflum testified that when he approached Walker, Walker appeared nervous and acted as if he was trying to keep him away from the moped. Officer Carroll observed what both he and Officer Pflum recognized as synthetic marijuana laying on the sidewalk next to the moped. Walker's

actions combined with the close proximity of the contraband to Walker's moped are sufficient to establish probable cause to arrest him. Having concluded that Walker's arrest was valid, we further conclude that the trial court did not abuse its discretion in admitting the evidence stemming from Walker's arrest.

[9] The judgment of the trial court is affirmed.

Brown, J., and Altice, J., concur.