**Wayne V. MURRY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 2-877 A 314.**

Court of Appeals of Indiana, Second District.

Feb. 5, 1979.

Leroy K. New, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant Murry (Murry) was charged with Commission of a Felony While Armed, to wit: Robbery,[1] and convicted of the lesser included offense of Robbery.[2] In this appeal, Murry raises the following issues: (1) whether two photographs, State's exhibits numbers four and five, were erroneously admitted, and, (2) whether, inde-

---

1. IC 1971, 35–12–1–1 (Burns Code Ed.).

2. IC 1971, 35–13–4–6 (Burns Code Ed.).

pendent of his confession, there was sufficient evidence to prove the corpus delicti.

We affirm.

## FACTS

The pertinent facts are that at approximately 5:30 p. m. on February 19, 1976, two men, one of whom was wearing a ski mask, entered a dry cleaning establishment in Indianapolis. When the clerk, Alice Harvey, asked if she could help them, the unmasked man unbuttoned his jacked and revealed a handgun. He pointed the gun towards Mrs. Harvey and motioned her towards the cash register. Mrs. Harvey removed the money from the cash register and handed it to the gunman. The two men then fled on foot. Testimony revealed that when the last dollar was removed from the cash register a switch activated a camera, mounted on the wall, aimed at the cash register. Based upon two photographs developed from the film from said camera, Murry was arrested on March 19, 1976.

## I.

Murry's first contention is that the trial court erred in admitting into evidence the two photographs that purport to depict the robbery in question. He contends that the State failed to lay the proper foundation for the admission of these photographs since none of the State's witnesses identified him as one of the individuals depicted in said photographs, and, further, because no one identified the two men in said photographs as the two individuals who committed the robbery in question.[3]

■ Murry's first argument, that none of the State's witnesses identified him as one of the individuals depicted in the photographs, is without merit. Under this argument, in his appellant's brief, Murry sets out the testimony of the clerk, Alice Harvey, the store owner, Cletis Concannon, and the photographer who developed the photographs, Paul Patterson, and points out that none of these witnesses identified him as one of the men depicted in the photographs. Murry, however, has failed to note the testimony of police officer Gerald Gillespie who, on direct-examination, identified Murry as the individual in the photographs who was not wearing a ski mask. Thus, Murry was clearly identified as one of the two individuals depicted in the photographs.

Murry's second argument, however, that none of the State's witnesses identified the two individuals depicted in the photographs as the perpetrators of the alleged robbery in question, appears to be well founded. The following are examples of the testimony elicited by the State in laying the foundation for the admission of the photographs:

A. Direct-examination of Alice Harvey.

Q. Is this a true and accurate representation of the store as depicted here?

A. That's right.

\*    \*    \*    \*    \*    \*

Q. Are those the two men [depicted in the photographs] that were in the store that day?

A. I couldn't say for sure.

Q. Both these pictures accurately depict your store?

A. That's right.

B. Direct-examination of Cletis Concannon.

Q. Are they true and accurate representations of the store as depicted?

A. Yeah.

C. Direct-examination of Paul Patterson.

Q. What scene is depicted in this picture, please?

A. That's a picture of Concannon Cleaners . . . .

\*    \*    \*    \*    \*    \*

Q. Mr. Patterson, is this a true and accurate representation of the scene [store] as you remember?

---

**3.** That photographs are admissible as evidence upon the issue of identity of a person is not disputed. *See e. g., Western & Southern Life Ins. Co. v. Kerger,* (1941) 111 Ind.App. 297, 36 N.E.2d 965; *Compare, Notter v. Beasley,* (1960) 240 Ind. 631, 166 N.E.2d 643 (in extradition proceedings, photographs are competent evidence upon the issue of identity).

A. Yes, sir.

The foregoing testimony is indicative of the fact that the State elicited no direct testimony indicating that the photographs were a fair and accurate representation of the occurrences inside the cleaners *during the time of the February 19, 1976 robbery.*

██ A perusal of the federal bank robbery cases reveals that the foundation requirements for the type of photographs at issue herein, *e. g.,* those developed from self-activating cameras, are substantially the same as with respect to other types of photographs. *See e. g., Mikus v. United States,* (2d Cir. 1970) 433 F.2d 719; *United States v. Hobbs,* (6th Cir. 1968) 403 F.2d 977. Thus, before a photograph is admissible, it is first necessary for the proponent of the photograph to establish that it is a true and correct representation of the *thing which it intends to portray. Johnson v. State,* (1972) 258 Ind. 648, 283 N.E.2d 532; *See also,* Annot. 9 A.L.R.2d 899. In the case at bar, the testimony established the fact that the photographs were true and correct representations of the inside of Concannon Cleaners. The testimony appears not, however, to establish that the photographs were true and accurate representations of the occurrences inside the cleaners during the time of the February 19, 1976 robbery, *i. e.,* the thing which they intended to portray.

Moreover, a proper foundation could have been laid if there had been sufficient testimony relating to the procedures in which the pictures were taken and developed. *See e. g., United States v. Taylor,* (8th Cir. 1976) 530 F.2d 639, *cert. den.* 429 U.S. 845, 97 S.Ct. 127, 50 L.Ed.2d 117 (photographs taken by bank camera were admissible in federal bank robbery prosecution, even though all witnesses to robbery had been locked in safe before camera was activated, where government witnesses testified as to manner in which film was installed, way in which camera was activated, and chain of possession of film after robbery). In the case at bar, there was testimony as to the manner in which the camera was activated, the direction in which the camera was pointed, the manner in which the film was removed and developed, and the chain of possession of the film after the robbery until the time of trial. There was, however, no testimony indicating when the film was installed, when the pictures were taken, or whether the camera was activated at any other times. Thus, there was insufficient evidence from which an inference could be drawn that the photographs in question were taken during the robbery on February 19, 1976.

Thus, we are constrained to hold that an improper foundation was laid and the photographs were erroneously admitted. In light of the admission of Murry's confession, however, such error was harmless. *Cf., Burnett v. State,* (1978) Ind., 377 N.E.2d 1340.

## II

Murry's second contention is that, without the photographs, his confession is the only evidence upon which the jury could have based his conviction. The gist of his argument is that it was necessary to establish his identity as the perpetrator of the robbery in order to prove the corpus delicti. This argument is without merit.

██ It is true that, in order for an extrajudicial confession to be admitted at trial, corroborating evidence of the corpus delicti must be introduced. *Hudson v. State,* (1978) Ind., 375 N.E.2d 195. In *Jones v. State,* (1969) 253 Ind. 235, at 249, 252 N.E.2d 572, at 580, the court held that:

". . . the body (material substance) upon which a crime has been committed, i. e., the corpse of a murdered man or the charred remains of a burnt house, for example, plus independent evidence from which an inference can be drawn that a crime was committed in connection therewith, is sufficient to show the corpus delicti."

In so holding, the court specifically rejected the notion that the identity of the accused or that he was specifically involved need be proven in order to establish the corpus delicti. 253 Ind. at 245, 246, 252 N.E.2d at 578.

In the case at bar, Alice Harvey testified that two men entered the store in which she was employed and, at gunpoint, had her remove all of the money from the cash register. Her testimony was sufficient to establish the corpus delicti. Thus, the corpus delicti was established before Murry's confession was admitted; and with this evidence of the corpus delicti, together with Murry's confession, the evidence was sufficient, independent of the photographs, to support his conviction.

The judgment of the trial court is affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.