Richard H. EDWARDS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 31A01–0103–CR–113.

Court of Appeals of Indiana.

May 21, 2002.

Matthew Jon McGovern, Louisville, KY, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

MATTINGLY–MAY, Judge.

The State petitions for rehearing[1] of our opinion in *Edwards v. State*, 762 N.E.2d 128 (Ind.Ct.App.2002).[2] We grant the State's petition for the limited purpose of addressing the State's arguments that we improperly considered the absence of "exigent circumstances" to justify the State's warrantless search of a vehicle and that we misapplied the search incident to an arrest exception to the warrant requirement. We reaffirm our original decision.

Police arrested Edwards after a convenience store employee reported Edwards had stolen cigarettes. Police saw a truck that matched the description of Edwards' truck and watched it pull into a gas station. Edwards left the truck and started to pump gas into it. Police arrested him and impounded the truck. They saw an unopened garbage bag in the bed of the truck. They opened the bag and found cigarettes inside. We affirmed the admission into evidence of the cigarettes on the ground the search was valid under the plain view exception,[3] but determined the

1. Edwards also petitioned for rehearing. We deny that petition without opinion.

2. We note that our *Edwards* opinion indicates "NAJAM, J., and BAKER, J., concur." 762 N.E.2d at 137. In fact, the *Edwards* panel was composed of Judge Mattingly–May, the writing judge, and Judges Barnes and Sullivan, who concurred.

3. It appears the discovery of the bag containing cigarettes is more correctly analyzed as

governed by the "open view" concept rather than by the plain view doctrine. We recently addressed the distinction in *Justice v. State*, 765 N.E.2d 161, 164–65 (Ind.Ct.App.2002), *citing* 16 William Andrew Kerr, *Indiana Practice* § 2.2 (1991):

> The phrase 'plain view' is often used when 'open view' may be a more appropriate term with regard to the admissibility of evidence. The plain view doctrine is recognized as an exception to the search warrant

search was not a proper inventory search, that the police lacked probable cause for a warrantless search of the vehicle, and the search was not a valid search incident to an arrest.

■ The State first asserts we improperly required a showing of "exigent circumstances" even though the "automobile exception" to the Fourth Amendment warrant requirement contains no such exception. Where a search and seizure is effected without a search warrant, the State bears the burden of proving the search falls within an exception to the warrant requirement. The existence of exigent circumstances is one recognized exception. *Sweeney v. State,* 704 N.E.2d 86, 107 (Ind. 1998), *cert. denied sub nom Sweeney v. Indiana,* 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999).

The State correctly notes that the automobile exception has no separate exigency requirement because if there is probable cause to believe the automobile contains the fruit or instrumentality of a crime, "the inherent mobility of the automobile justifies a warrantless search." (Pet. for Rehearing at 4, *quoting Sebastian v. State,* 726 N.E.2d 827, 830 (Ind.Ct.App.2000), *trans. denied* 735 N.E.2d 235 (Ind.2000)).

■ We remind the State that we explicitly noted that rule in our *Edwards* decision: "When probable cause exists to believe that a vehicle contains evidence of a crime, a warrantless search of the vehicle does not violate the Fourth Amendment because of the *exigent circumstances arising out of the likely disappearance of the vehicle.*" 762 N.E.2d at 134 (emphasis supplied), *citing California v. Acevedo,* 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

■ However, we went on to discuss the absence of exigent circumstances in Edwards' case because the police impounded Edwards' vehicle. Edwards' impounded vehicle was no longer "inherently mobile" and therefore there was no longer a concern with its "likely disappearance." His vehicle was no longer within the "automobile exception" and the State was obliged to prove an exception to the warrant requirement. *See, e.g., Brown v. State,* 653 N.E.2d 77, 79 (Ind.1995) (applying the "exigent circumstances" analysis to the search of an impounded car). We therefore reject the State's contention that our application of the "exigent circumstances" analysis "is

requirement. The concept of "plain view" is used when an officer is making a lawful search in a constitutionally protected area and discovers an item in plain view. Generally, items observed in plain view are not considered the product of the search. Thus, the plain view exception is addressed to concerns implicated by the *seizure* of items. To justify a warrantless seizure under the plain view doctrine, a law enforcement officer must not have violated the Fourth Amendment in arriving at the place where items are in plain view, the 'incriminating character' of the items must be 'immediately apparent,' and the officer must have 'a lawful right of access' to the items in plain view. If such requirements are met, the items discovered in 'plain view' may be seized without a warrant. Often confused with the plain view doctrine is the concept of 'open view,' which is used in situations in which a law enforcement officer sees contraband from an area that is not constitutionally protected, but rather is in a place where the officer is lawfully entitled to be. In such situations, anything that is within 'open view' may be observed without having to obtain a search warrant because making such 'open view' observations do not constitute a search in the constitutional sense. Nonetheless, in order to lawfully seize items in 'open view,' it may be necessary to obtain a search warrant or be able to justify a warrantless seizure under an exception to the warrant requirement.

(Citations omitted.) The State does not address in its petition for rehearing this distinction or its implications.

flatly contrary to United States Supreme Court precedent." (Pet. for Rehearing at 4.)

■ The State next asserts our decision "overly limits the search incident to an arrest exception," *id.* at 5. One well-recognized exception to the warrant requirement is a search incident to a lawful arrest. *Hollowell v. State*, 753 N.E.2d 612, 615 (Ind.2001). We determined Edwards was not subjected to a valid search incident to an arrest because the search extended beyond the area under Edwards' immediate control. 762 N.E.2d at 135. We relied on *Gibson v. State*, 733 N.E.2d 945 (Ind.Ct.App.2000), where we noted that the scope of a search incident to a valid arrest is generally limited to a search of the person of the arrestee and the area within his immediate control to which he could reach for weapons or to destroy evidence. *Id.* at 954, *citing Chimel v. California*, 395 U.S. 752, 766, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *reh'g denied* 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124 (1969).

The State concedes that a traditional rationale for the search incident to arrest exception was to protect police officers by allowing them to remove weapons the arrestee might seek to use. However, the State asserts, "It is not true . . . to say that only those areas in the suspects [sic] immediately [sic] control may be search [sic]." (Pet. for Rehearing at 5.)

In *Gibson*, we determined the search of Gibson's van exceeded the permissible scope of the search incident to an arrest exception of the warrant requirement. Gibson was arrested outside of his vehicle as he walked toward the entrance of a convenience store. The contraband police seized was not on Gibson's person nor was it within the area of his immediate control. Rather, it was in the interior of his van. Therefore, the permissible scope of the search incident to Gibson's arrest was limited to his person because he was stopped and arrested in the parking lot of a convenience store and not his vehicle. *Id.*

We distinguished in *Gibson* those decisions on which the State relies in its petition such as *Jackson v. State*, 597 N.E.2d 950, 957 (Ind.1992), *reh'g denied, cert. denied* 507 U.S. 976, 113 S.Ct. 1424, 122 L.Ed.2d 793 (1993). We noted that if the police had stopped Gibson *while he was in his vehicle* and later subjected Gibson to a lawful custodial arrest, the police might be justified in searching the interior of the automobile within Gibson's immediate control if the search was conducted contemporaneously with the arrest. *Gibson*, 733 N.E.2d at 955. We further acknowledged in *Gibson* the *Jackson* holding that under those circumstances, it is of no moment that such a search occurs after the occupant has been removed from the vehicle and the vehicle is therefore no longer in an area under his control. *Id., citing Jackson*, 597 N.E.2d at 957.

In its petition for rehearing, the State does not distinguish, or even acknowledge, the *Gibson* decision on which we relied in *Edwards*. Nor does it acknowledge the factual and legal distinction *Gibson* explicitly recognized between persons who are arrested while in a vehicle or in the process of exiting the vehicle and persons who are arrested when they are outside the vehicle. As both Edwards and Gibson were arrested outside their respective vehicles, we decline the State's invitation to apply to the *Edwards* arrest those decisions that involve a person who is arrested inside a vehicle. We accordingly reaffirm the reasoning and result of our decision in *Edwards*.

SULLIVAN, J., and BARNES, J., concur.