Charles BLACK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0207–CR–548.

Court of Appeals of Indiana.

Sept. 16, 2003.

**1062**

John L. Tompkins, Brown, Tompkins & Lory, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

## OPINION

BARNES, Judge.

### Case Summary

Charles Black appeals the trial court's denial of his motion to suppress. We affirm.

### Issue

The sole issue is whether the trial court erred in denying Black's motion to suppress cocaine that police discovered inside his automobile.

### Facts

On December 3, 2001, Indianapolis Police Department Detective Anthony Farrell received information that Black was dealing cocaine from a 1972 gold Chevrolet Caprice on Central Avenue in Indianapolis. Detective Farrell, who had had previous contact with Black, drove to Central Avenue and observed Black standing near a 1972 gold Caprice. During approximately one hour of surveillance, Detective Farrell observed six to eight people walk up and talk to Black, who would briefly enter the car, exit and return to the person, then appear to shake hands or exchange something with the person, who would then leave. Detective Farrell believed, based on his training and experience, that he had observed street level narcotics dealing.

After Black drove away from the scene, Detective Farrell, who was aware that Black's driver's license was suspended, requested that a uniformed officer in a marked vehicle pull Black over. Before that happened, Black pulled into a parking lot and got out of the vehicle. Police arrived immediately thereafter and placed Black under arrest for driving while suspended. An officer conducted a cursory search of the Caprice but failed to discover any contraband. Detective Farrell, however, had received information that Black hid cocaine under the steering column of his car. After arriving on the scene, Detective Farrell looked under the steering column of Black's car and did find what immediately appeared to be cocaine.

The State charged Black with dealing in cocaine, a Class A felony, possession of cocaine, a Class C felony, and driving while suspended, a Class A misdemeanor.

Black moved to suppress the cocaine found in his car, which motion the trial court denied on May 1, 2002. This court has now agreed to decide an interlocutory appeal from this denial.

## Analysis

■■■ Black challenges the legality of Detective Farrell's search of his vehicle and the trial court's denial of his motion to suppress the evidence discovered by Detective Farrell. When reviewing the denial of a motion to suppress evidence, we do not reweigh the evidence and consider conflicting evidence in a light most favorable to the trial court's ruling. *Roehling v. State,* 776 N.E.2d 961, 962–63 (Ind.Ct.App. 2002), *trans. denied* (2003). However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence most favorable to the defendant. *Id.* at 963. The Fourth Amendment to the United States Constitution generally prohibits warrantless searches and seizures. *Id.* The State has the burden of proving that an exception to the warrant requirement existed at the time of a warrantless search. *Id.*

■■■ One exception to the warrant requirement arises when there is probable cause to believe that a vehicle contains contraband or evidence of a crime.[1] *Gibson v. State,* 733 N.E.2d 945, 951 (Ind.Ct. App.2000). Probable cause exists where the facts and circumstances would lead a reasonably prudent person to conclude that a search of the premises will uncover evidence of a crime. *Id.* at 952. Black does not dispute that the police, specifically Detective Farrell, had probable to cause

to believe that the 1972 Caprice contained contraband. Detective Farrell had received a tip that Black was dealing drugs from the vehicle, which was corroborated by surveillance of the vehicle for one hour and the observation of frequent short-term traffic, including Black repeatedly entering and exiting the vehicle and then apparently exchanging items with others, that was consistent with narcotics dealing. *See Edwards v. State,* 682 N.E.2d 800, 805 (Ind. Ct.App.1997) (holding that observation by experienced officers of high volume of traffic consistent with drug dealing to and from residence corroborated informant's claim that defendant was dealing drugs from the residence). Detective Farrell also had received information as to precisely where Black hid drugs in the vehicle, which led him to look specifically under the steering column of the vehicle.

■■■ The contested issue in this case is whether the police were entitled to search Black's vehicle without a warrant, so long as they had probable cause it contained contraband, or whether they were required to first obtain a warrant once the vehicle was "immobilized" due to Black's arrest and the subsequent police impoundment of the vehicle. Black contends there were no "exigent circumstances" justifying a warrantless search of the vehicle, citing this court's decision in *Edwards v. State,* 762 N.E.2d 128 (Ind.Ct. App.2002), *aff'd on rehearing,* 768 N.E.2d 506 (Ind.Ct.App.2002), *trans. denied.* In *Edwards,* we noted that the original justification for the automobile exception to the Fourth Amendment's warrant requirement was "the exigent circumstances arising out of the likely disappearance of the vehicle."[2] 762 N.E.2d at 134 (citing *Califor-*

1. It will be unnecessary for us to address whether Detective Farrell's search of Black's vehicle was a proper inventory search or search incident to arrest.

2. We observe that Black does not explicitly state in his brief whether he is relying on the Fourth Amendment to the United States Constitution or Article I, Section 11 of the

*nia v. Acevedo,* 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991)). Because the police had impounded the defendant's car, we found the car was no longer "inherently mobile" and therefore unlikely to disappear. *Edwards,* 768 N.E.2d at 508. We held that, in such a case, the automobile exception to the Fourth Amendment's warrant requirement did not apply. *Id.* See also *Scott v. State,* 775 N.E.2d 1207, 1210 (Ind.Ct.App.2002), *trans. denied* (2003) ("If a vehicle is no longer 'inherently mobile' and obtaining a search warrant is reasonably practicable, then the automobile exception does not apply."); *Shepherd v. State,* 690 N.E.2d 318, 323 (Ind.Ct.App. 1997), *trans. denied* ("Where it is practicable to obtain a search warrant, it is unreasonable to conduct a warrantless search of an automobile."); *Green v. State,* 647 N.E.2d 694, 696 (Ind.Ct.App.1995) ("[B]ecause it was practicable ... to obtain a search warrant, it was unreasonable ... to conduct a warrantless search of Green's automobile. To hold otherwise would obviate the need to obtain a warrant to search a car whenever probable cause exists, contrary to the holdings under the Fourth Amendment to the United States Constitution....").

Other decisions by this court have reached conclusions opposite those of *Edwards, Scott, Shepherd,* and *Green.* For example, we held in *Johnson v. State,* 766 N.E.2d 426, 433 (Ind.Ct.App.2002), *trans. denied:*

> The justification for a warrantless search does not vanish once a car has been immobilized, nor does it depend upon the likelihood that the automobile would have been driven away in that

particular case, or that the contents of the vehicle would have been tampered with, during the period required for the police to obtain a warrant.

(citing *Michigan v. Thomas,* 458 U.S. 259, 261, 102 S.Ct. 3079, 3080–81, 73 L.Ed.2d 750 (1982) (per curiam)). See also *Justice v. State,* 767 N.E.2d 995, 996 (Ind.Ct.App. 2002) ("[T]he Fourth Amendment does not require a separate exigency requirement for the automobile exception."); *Cody v. State,* 702 N.E.2d 364, 366 (Ind.Ct.App. 1998) ("An automobile may be searched without a warrant where there is probable cause to believe that the automobile contains articles that the officers are entitled to seize.").

 The State asks this court to reconsider and reject the holding of *Edwards* and other cases that have reached similar conclusions regarding the automobile exception to the warrant requirement under the Fourth Amendment. Although the author of this opinion concurred in *Edwards,* and the concurring judge authored *Shepherd,* upon reconsideration we agree with the State that *Edwards, Scott, Shepherd,* and *Green* are incorrect on this point, and that *Johnson, Justice,* and *Cody* are correct. We also observe that although our supreme court denied transfer in *Edwards, Scott,* and *Shepherd,* "the denial of transfer does not necessarily reflect Supreme Court approval of decisions of the Court of Appeals in which transfer is sought." *Journal–Gazette Co. v. Bandido's, Inc.,* 712 N.E.2d 446, 481 n. 7 (Ind. 1999).[3] Moreover, where the Fourth Amendment is concerned, the United States Supreme Court is the ultimate authority, and it is the decisions of that court

---

Indiana Constitution for his arguments. He relies upon *Edwards* on this issue, however, which was decided on Fourth Amendment grounds. We will do likewise.

**3.** Our supreme court also denied transfer in *Johnson;* it seems clear to us that it could not have approved of both the language in *Edwards* and the language in *Johnson* that directly contradicts *Edwards.*

to which we must adhere. *See Arkansas v. Sullivan,* 532 U.S. 769, 772, 121 S.Ct. 1876, 1878, 149 L.Ed.2d 994 (2001).

The automobile exception to the warrant requirement was first announced in the Prohibition-era bootlegging case of *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). There, the Supreme Court held, "the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Id.* at 149, 45 S.Ct. at 283–84. The original stated justification for the rule was that "the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Id.* at 153, 45 S.Ct. at 285. However, warrantless automobile searches are valid even "where no immediate danger was presented that the car would be removed from the jurisdiction." *South Dakota v. Opperman,* 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976). There are essentially two reasons for this. First, later cases have established that aside from the mobility of a vehicle, a warrantless search of an automobile based upon probable cause is justified because "there is a reduced expectation of privacy stemming from its use as a licensed motor vehicle subject to a range of police regulation inapplicable to a fixed dwelling." *California v. Carney,* 471 U.S. 386, 393, 105 S.Ct. 2066, 2070, 85 L.Ed.2d 406 (1985). Second, the "exigency" of the automobile exception arises as of the time police first seize a vehicle; in other words, if a vehicle was readily mobile when first seized by the police, immobilization of the vehicle caused by police impoundment and arrest of the driver, for example, does not make the automobile exception inapplicable and does not invalidate a search that occurs after the immobilization. *See California v. Acevedo,* 500 U.S. 565, 569–70, 111 S.Ct. 1982, 1986, 114 L.Ed.2d 619 (1991) (citing *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)). "When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise ... the vehicle exception comes into play." *Carney,* 471 U.S. at 392–93, 105 S.Ct. at 2070.

Thus, in *Chambers* a warrantless automobile search was valid when there was probable cause that it contained evidence of a crime, even though the search did not take place until after the automobile's occupants were arrested and the automobile was taken to a police station. 399 U.S. at 44, 52, 90 S.Ct. at 1977, 1981. The Supreme Court reached the same result on nearly identical facts in *Texas v. White,* 423 U.S. 67, 68, 96 S.Ct. 304, 305, 46 L.Ed.2d 209 (1975) (per curiam). The Court summarily reversed the decision of the Texas Court of Criminal Appeals, which had held the police should have obtained a warrant to search a car that had been transported to a police station. *Id.* In *Michigan v. Thomas,* 458 U.S. 259, 262, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750 (1982) (per curiam), the Supreme Court flatly and cursorily rejected the conclusion of the Michigan Court of Appeals that no "exigent circumstances" justified the warrantless search of an automobile because the car was impounded by the police, holding that such a conclusion was "plainly inconsistent with our decisions in *Chambers* and *Texas v. White.*" Instead, "when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been im-

pounded and is in police custody." *Id.* at 261, 102 S.Ct. at 3080. Similarly, in *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam), the Supreme Court concluded, again cursorily, "The holding of the [Maryland] Court of Special Appeals that the 'automobile exception' requires a separate finding of exigency [precluding police from obtaining a warrant] in addition to a finding of probable cause is squarely contrary to" Supreme Court precedent. Once again, "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996). The decision of the Supreme Court of Pennsylvania, which had held that "no exigent circumstances justified the failure to obtain a warrant," was again flatly and perfunctorily rejected. *Id.*

We are of the firm belief that *Edwards, Scott, Shepherd,* and *Green,* to the extent they state that the Fourth Amendment requires police to obtain a warrant to search an automobile if the automobile has been immobilized or that the State is required to prove that "exigent circumstances" actually existed that justified not obtaining a warrant, are irreconcilable with United States Supreme Court precedent. We disapprove of such language in those opinions. They rely upon an analysis of the "automobile exception" similar to analyses previously employed by the Texas Court of Criminal Appeals, Michigan Court of Appeals, the Maryland Court of Special Appeals, and the Pennsylvania Supreme Court, and which analyses the United States Supreme Court repeatedly and summarily held to be incorrect in *Texas v. White, Michigan v. Thomas, Maryland v. Dyson,* and *Pennsylvania v. Labron.*

■■■ Our analysis is that in determining whether the "automobile exception" to the Fourth Amendment's warrant requirement applies is (1) was the vehicle readily mobile or capable of being driven when police first seized it; and (2) was there probable cause that the vehicle contained contraband or evidence of a crime? *See Carney,* 471 U.S. at 392–93, 105 S.Ct. at 2070. We have already answered the probable cause question in this case. It is also clear that the Caprice was readily mobile and capable of being driven when the police first seized it.[4] This is all that was needed to satisfy the "automobile exception" to the Fourth Amendment's warrant requirement. The State was not required to prove the existence of an actual "exigency" that made it impractical to first obtain a warrant before proceeding with the search. Detective Farrell's search of Black's car did not violate Black's Fourth Amendment rights. The trial court properly denied his motion to suppress.

### Conclusion

We accept the State's invitation to decline to follow language concerning the "automobile exception" to the Fourth Amendment's warrant requirement found in *Edwards v. State, Scott v. State, Shepherd v. State,* and *Green v. State.* We agree that when police seize a readily mobile vehicle, they may search it if they have probable cause to do so, regardless of whether the vehicle is actually "immobilized" when the search occurs or the police

---

4. To this extent, although we must disapprove of certain language in *Shepherd* that appears to apply to automobile searches generally, the result in that case may not have been incorrect. The car police searched had been in a wreck and transported to a junkyard, meaning the car may not have been readily mobile or capable of being driven when police first seized it. 690 N.E.2d at 322–23.

theoretically could have sought a search warrant before proceeding with the search. To hold otherwise contravenes clear and unequivocal United States Supreme Court precedent. We, therefore, affirm the trial court's denial of Black's motion to suppress.

Affirmed.

SHARPNACK, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent. In my opinion, the issue is whether an inventory search of an automobile may be conducted pursuant to a proper impoundment of the automobile. Therefore, I believe that *Edwards v. State*, 762 N.E.2d 128 (Ind.Ct.App.2002), *trans. denied*, is applicable to the case at bar and distinguishable from *Johnson v. State*, 766 N.E.2d 426 (Ind.Ct.App.2002), *i.e.* the case the majority relies upon to show probable cause for the warrantless search.

The Fourth Amendment of the United States Constitution protects individuals against unreasonable searches and seizures. "Under the federal constitution, searches and seizures 'conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Middleton v. State*, 714 N.E.2d 1099, 1101 (Ind.1999) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). The burden of proof is on the State to prove that a warrantless search or seizure falls within one of the exceptions. *Id.*

One delineated exception is the "automobile exception" first recognized in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). *Green v. State*, 647 N.E.2d 694, 695 (Ind.Ct.App.1995). In *Carroll*, the United States Supreme Court recognized the practical difficulty inherent in securing warrants to search movable conveyances. *Id.* However, the Supreme Court stressed that a warrant must be used where it is reasonably practicable. *Id.* at 694–95 (quoting *Carroll*, 267 U.S. at 154, 156, 45 S.Ct. at 280).

This court recently discussed the automobile exception established in *Carroll*. We stated, "[w]hen probable cause exists to believe that a vehicle contains evidence of a crime, a warrantless search of the vehicle does not violate the Fourth Amendment because of the exigent circumstances arising out of the likely disappearance of the vehicle." *Edwards*, 762 N.E.2d at 134 (citing *California v. Acevedo*, 500 U.S. 565, 569, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991)). In *Edwards*, we held that there were no exigent circumstances because the vehicle had been impounded. *Id.* at 134–35. On rehearing, we rejected the State's contention that we improperly required a showing of exigent circumstances when the "automobile exception" contains no such requirement. When the car was impounded, it was no longer "inherently mobile" and likely to disappear and, thus, no longer within the automobile exception. *Edwards v. State*, 768 N.E.2d 506, 508 (Ind. Ct.App.2002).

If a vehicle is no longer "inherently mobile" and obtaining a search warrant is reasonably practicable, then the automobile exception does not apply. *See id.* at 508–09. Here, Black's vehicle was impounded as the vehicle in *Edwards* and the principles of *Edwards* apply. When the officers performed their warrantless search of Black's vehicle, it was parked in a business parking lot surrounded by police officers. It was not blocking traffic. However, the record indicates that it was blocking one of the three entrances and exits of the business. Nevertheless, the record also reflects that Black's vehicle

was located in a normal place for customers dropping off their vehicles for service. At the time the search occurred, Black was detained in handcuffs close to the vehicle because he was driving while his license was suspended. There was neither a shortage of time, nor an emergency situation for the officers to deal with. No weapons were discovered at the scene, and there was no threat that the car might disappear and become lost to the police. Because Black's vehicle was not inherently mobile and obtaining a search warrant would have been reasonably practicable under the circumstances, I find that the automobile exception did not apply to Black's situation. As the State showed no other exigent circumstances justifying a warrantless search, the subsequent search of Black's vehicle and seizure of evidence therein violated Black's Fourth Amendment rights.

Accordingly, I find that there is insufficient evidence of probative value to support the denial of the motion to suppress. *See Taylor v. State,* 689 N.E.2d 699, 702 (Ind.1997). Therefore, the trial court improperly denied Black's motion to suppress. Thus, I respectfully dissent.