Stephen FAUST, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0307–CR–647.

Court of Appeals of Indiana.

March 23, 2004.

Ellen M. O'Connor, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Stephen Faust appeals his conviction of unlawful possession of a firearm by a serious violent felon, a Class B felony.[1] He asserts on appeal the trial court erred in denying his motion to suppress evidence found in an inventory search of his car.

We affirm.

### *FACTS AND PROCEDURAL HISTORY*

On July 26, 2002, Faust was driving a 1991 Cadillac in Indianapolis. Officer Clayton Willis saw Faust and his passenger repeatedly turn to watch him. Officer Willis felt they appeared nervous, and he checked the status of the car's license plate with the Bureau of Motor Vehicles. Officer Willis determined the license plate was issued to another vehicle. Faust made an abrupt turn and Officer Willis stopped him.

Faust told Officer Willis his license was suspended. Faust's passenger also had a suspended license. Officer Willis issued a summons to Faust for driving while sus-

---

1. Ind.Code § 35–47–4–5.

pended, and began an inventory search of the vehicle. Inside the trunk of the vehicle, Officer Willis found a pair of brown work boots with the handgrip of a pistol protruding from one boot. Faust admitted the gun was his and that he did not have a permit. Officer Willis then arrested Faust.

## DISCUSSION AND DECISION

Faust contends that although Officer Willis lawfully stopped and impounded the vehicle, he did not follow regulations when he conducted the inventory search. Faust argues that since he had not yet been taken into custody, he was capable of taking his property into his possession, eliminating the need for an inventory search.[2] He claims the search was pretextual.

We review the denial of a motion to suppress evidence in a manner similar to allegations of insufficient evidence. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Washington v. State,* 740 N.E.2d 1241, 1243 (Ind.Ct.App. 2000), *trans. denied* 753 N.E.2d 7 (Ind. 2001). However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, in reviewing a denial of a motion to suppress, we must also consider the uncontested evidence most favorable to the defendant. *Id.* Trial courts have wide latitude in weighing the probative value of evidence against the danger of unfair prejudice, and we review that determination for abuse of discretion. *Ingram v. State,* 715 N.E.2d 405, 408 (Ind.1999).

To show an inventory search is proper, the State must demonstrate "the belief that the vehicle posed some threat or harm to the community or was itself imperiled was consistent with objective standards of sound policing, and ... the decision to combat that threat by impoundment was in keeping with established departmental routine or regulation." *Woodford v. State,* 752 N.E.2d 1278, 1281 (Ind. 2001), *reh'g denied, cert. denied* 535 U.S. 999, 122 S.Ct. 1564, 152 L.Ed.2d 486 (2002), *reh'g denied* 536 U.S. 973, 122 S.Ct. 2695, 153 L.Ed.2d 863 (2002), (quoting *Fair v. State,* 627 N.E.2d 427, 433 (Ind. 1993)).

Officer Willis testified that the police department's rules and regulations require they inventory a vehicle being impounded. He testified he was impounding the vehicle "[b]ecause no one had a valid driver's license and the plates did not belong on the vehicle, so it did not belong on the street." (Tr. at 194.) Indeed, Ind.Code § 9–18–2–43(a) provides

a law enforcement officer authorized to enforce motor vehicle laws who discovers a vehicle required to be registered under this article that does not have the proper certificate of registration or license plate: (1) Shall take the vehicle into the officer's custody; and (2) May cause the vehicle to be taken to and stored in a suitable place until: (A) The legal owner of the vehicle can be found; or (B) the proper certificate of registration and license plates have been procured.

Even if an impoundment is proper, the State must also show the search conducted pursuant to the impoundment was reasonable. "The search must be conducted pursuant to standard police procedures, as evidenced by the cir-

---

**2.** Faust also asserts he should have been allowed to take his personal belongings from the vehicle. However, Faust never asked Officer Willis if he could do so, and on appeal cites no authority in support of that premise. We are therefore unable to address that allegation of error.

cumstances surrounding the search." *Stephens v. State*, 735 N.E.2d 278, 282 (Ind. Ct.App.2000), *trans. denied* 741 N.E.2d 1259 (Ind.2000). Searches performed in conformity with standard police procedures are reasonable under the Fourth Amendment. *Edwards v. State*, 762 N.E.2d 128, 133 (Ind.Ct.App.2002), *aff'd on reh'g* 768 N.E.2d 506 (Ind.Ct.App.2002), *trans. denied* 783 N.E.2d 693 (Ind.2002). The State must present more than conclusory testimony of an officer that the search was conducted as a routine inventory. *Stephens*, 735 N.E.2d at 282; *Rabadi v. State*, 541 N.E.2d 271, 275 (Ind.1989). "The circumstances surrounding the intrusion must also indicate that the search was part of established and routine department procedures which are consistent with the protection of the police from potential danger and false claims of lost or stolen property and the protection of the property of those arrested." *Rabadi*, 541 N.E.2d at 275.

Officer Willis testified the purpose of an inventory search is "to check it to make sure there's anything of, you know, like I stated, a dead body, uh, something that needs to be documented or taken to the property room for safe keeping." (Tr. at 198.) He read the police department's policy for conducting an inventory search:

> Members of the—who impound a vehicle for a reason shall inventory all items in the vehicle, which are not regular parts or accessories to the vehicle. Part 2 is, [t]he inventory shall be repeated in the member's report concerning the impounded vehicle and the inventory shall be made a permanent record of the member's notebook.

(*Id.*)

When asked about the list to be made, Officer Willis testified

> [t]here's no policy stating that you have to articulate every item that's in the vehicle that doesn't belong to the vehicle, no. It's kind of common sense that if there's something of high value, or something that is maybe, uh, something that needs to be held for safe keeping as I stated then, yes, you probably ought to document it and take it to property room. That way, we're not liable for if it's stolen in the lot of the towing company.

(*Id.* at 199.)

In *Edwards*, we determined an inventory search was unreasonable because the record did not include the substance of any police department policy regarding inventory searches, nor was there testimony as to the reasons behind the inventory search that was performed. The trial court therefore had no evidentiary basis to evaluate whether the search was in conformity with established policy. 762 N.E.2d at 133–34.

In the case before us, by contrast, the evidence supports the reason given for the inventory search and there is sufficient testimony as to the police department's procedures to make this a valid inventory search, although we still believe it best that an inventory search be performed in the impound lot by officers trained and experienced in performing such searches.

Affirmed.

NAJAM, J., and BAKER, J., concur.