## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 27 2020, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Farry Cannon, | August 27, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A-CR-619 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, | The Honorable Wendy W. Davis, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 02D04-1910-F3-94 & 02D04-1703-F4-15 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Farry Cannon (Cannon), appeals his conviction for dealing in cocaine, Level 3 felony, Ind. Code § 35-48-4-1(d)(1), and dealing in cocaine, Level 4 felony, I.C. § 35-48-4-1(c)(1).

We affirm.

# ISSUES

Cannon raises three issues on appeal, which we restate as the following:

(1) Whether trial court abused its discretion by admitting certain evidence;

(2) Whether the State presented sufficient evidence beyond a reasonable doubt to convict Cannon; and

(3) Whether the State presented sufficient evidence to support the finding that Cannon violated the terms of his probation.

# FACTS AND PROCEDURAL HISTORY

On October 2, 2018, Detective Craig Wise (Detective Wise) of the Fort Wayne Police Department met with Confidential Informant 1095 (CI) to set up a controlled buy of drugs from Cannon. Detective Wise conducted a pre-buy search of CI to make sure he was free of drugs and money. CI was thereafter provided with $200 of buy money and equipped with a recording device. Detective Wise then drove CI to 2516 Drexel Street in Fort Wayne and parked in front of the house. After several attempts to reach Cannon by phone,

Cannon instructed CI to meet him on the porch. CI exited Detective Wise's vehicle, and Detective Wise remained in the car to watch and listen to the controlled buy. Cannon then came out to the porch and sat down with CI. Detective Wise, who was able to keep surveillance of the controlled buy, observed CI hand Cannon money and Cannon hand CI something in return. Moments later, CI returned to the vehicle and immediately handed Detective Wise drugs which was later determined to be 1.51 grams of cocaine.

[5] The following day, October 3, 2018, Detective Wise met with CI to look at a photo array. CI identified Cannon by pointing at Cannon's picture, and he proceeded to circle the number and make a "chicken scratching" underneath the picture. (Transcript Vol. II, p. 38). The next day, October 4, 2018, Detective Wise met with CI again to conduct a controlled buy from Cannon. After conducting a pre-buy search on CI, Detective Wise provided CI with $100 of buy money and equipped CI with a recording device. Detective Wise drove CI to the same house on Drexel Street and parked in the same spot which was right in front of the porch. Detective Wise then called Cannon, and after Cannon answered the phone, CI got out of the vehicle and waited for Cannon on the porch. Moments later, Cannon came out of the house and Detective Wise watched CI hand Cannon money and Cannon hand something to CI in return. Once CI got back into the car, CI immediately gave Detective Wise the drugs he had bought from Cannon. The drugs were later determined to be 0.49 grams of cocaine.

[6] On September 11, 2019, the State filed an Information, charging Cannon with Count I, Level 3 felony dealing in cocaine, and Count II, Level 4 felony dealing in cocaine. Because Cannon was also on probation for committing Level 4 felony dealing in cocaine under Cause No. 02D04-1703-F4-15 (F4-15), a petition to revoke his probation was filed. On January 22, 2020, a bench trial was conducted. Detective Wise was asked if any pretrial identification was made from the photo array, and Cannon made the following objection:

> A person picking out a photo is a statement. It is an identification. May be nonverbal, and it may also be verbal, but it is conduct that is a communication and a statement of fact, and [CI] is not here to be cross examined. [Evidence Rule] 801(d)1 provides a quote on quote exception to the hearsay rule for matters of identification, but that is predicated on the declarant, [CI] in this case, being available for cross.

(Tr. Vol. II, p. 36). The trial court overruled Cannon's hearsay objection, and Detective Wise proceeded to state that a pretrial identification was made. When the State moved to admit the photo array that CI identified Cannon, again, Cannon made a similar hearsay objection. Prior to making its ruling, the trial court asked Detective Wise how CI identified Cannon from the photo array, and Detective Wise responded by stating that he observed CI circle Cannon's photo and make "chicken scratch" underneath the photo. (Tr. Vol. II, p. 38). The photo array was subsequently admitted into evidence.

[7] At the close of the evidence, the trial court found Cannon guilty as charged. Additionally, the trial court found that Cannon had violated his probation by

committing two new offenses. On February 14, 2020, the trial court conducted a sentencing hearing. On Count I, the trial court ordered Cannon to serve a fourteen-year sentence with nine years suspended, and a ten-year sentence with five years suspended for Count II. Both sentences were to run concurrently. Also, the trial court revoked Cannon's probation in F4-15 and ordered him to serve four years, the balance of his previously-suspended sentence.

[8] Cannon now appeals. Additional information will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Admission of the Evidence*

[9] When ruling on the admissibility of evidence, the trial court is afforded broad discretion, and we will only reverse the ruling upon a showing of abuse of discretion. *Gibson v. State*, 733 N.E.2d 945, 951 (Ind. Ct. App. 2000). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id*. We consider the evidence most favorable to the trial court's ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Id*.

[10] On appeal, Cannon argues that the trial court abused its discretion by admitting Detective Wise's impermissible hearsay testimony. At Cannon's bench trial, Detective Wise was asked if any pretrial identification had occured. Over Cannon's hearsay objection, Detective Wise testified that he observed CI make an identification of Cannon from the photo array. When the State moved to

admit the photo array in question, again, Cannon made a hearsay objection. Prior to making its ruling, the trial court asked Detective Wise how CI identified Cannon, and Detective Wise responded by stating that CI circled Cannon's photo and made "chicken scratch" underneath. (Tr. Vol. II, p. 38).

[11] Hearsay is an out-of-court statement offered for "the truth of the matter asserted," and it is generally not admissible as evidence. Ind. Evidence Rule 801(c). "A statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Ind. Evid. R. 801(a). To be an assertion, the statement must allege a fact susceptible of being true or false. *Vertner v. State*, 793 N.E.2d 1148, 1151 (Ind. Ct. App. 2003). Hearsay is generally inadmissible unless it falls within an exception to the rule. Ind. Evid. R. 802.

[12] The State claims Detective Wise's testimony was not hearsay and that rather his testimony was based on his observations of CI identifying Cannon from the photo array. We disagree. CI's nonverbal conduct of pointing and marking a picture identifying Cannon as the person who sold him cocaine was a statement alleging a fact susceptible of being true or false. Thus, Detective Wise's testimony that he observed CI identify Cannon from the photo array was impermissible hearsay testimony. Notwithstanding our conclusion, we find that the error was harmless.

[13] "An error will be found harmless if its probable impact on the [fact finder], in light of all evidence in the case, is sufficiently minor that it did not affect the

substantial rights of the party." *Simmons v. State*, 760 N.E.2d 1154, 1160 (Ind. Ct. App. 2002). The substantial rights of a party are not affected if the conviction is supported by independent evidence of guilt such that there is little likelihood the challenged evidence contributed to the judgment. *Smith v. State*, 114 N.E.3d 540, 544 (Ind. Ct. App. 2018). Further, "we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted." *McVey v. State*, 863 N.E.2d 434, 440 (Ind. Ct. App. 2007), *trans. denied*.

[14] Cannon was charged with Level 3 and 4 felony dealing in cocaine which requires proof that he knowingly or intentionally delivered cocaine to CI. *See* I.C. § 35-48-4-1. At Cannon's bench trial, Detective Wise testified that on October 2 and 4, 2018, he drove CI to Cannon's location and parked his car in front of the front porch where the transaction took place, he was close enough to keep surveillance of both controlled buys, he saw CI hand Cannon money and Cannon hand CI something in return, and that the drugs CI purchased from Cannon were later established to be cocaine. Thus, we hold that even though the trial court abused its discretion in admitting impermissible hearsay testimony from Detective Wise, Cannon's dealing charges were supported by independent evidence of guilt such that there is little likelihood the challenged evidence contributed to the judgment of his conviction. *See Smith*, 114 N.E.3d at 544.

## II. *Sufficiency of the Evidence*

When reviewing a claim of insufficient evidence, it is well-established that our court does not reweigh evidence or assess the credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). Instead, we consider all the evidence, and any reasonable inferences that may be drawn therefrom, in a light most favorable to the verdict. *Id.* We will uphold the conviction "'if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)). Circumstantial evidence alone is sufficient to support a conviction. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). Circumstantial evidence need not overcome every reasonable hypothesis of innocence. *Clemons v. State*, 987 N.E.2d 92, 95 (Ind. Ct. App. 2013). Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

The State charged Cannon with two Counts of dealing in cocaine which requires proof that he knowingly and intentionally delivered cocaine to CI. I.C. § 35-48-4-1(a)(1)(C). He was charged with a Level 3 felony because the total amount of cocaine was at least one gram and an enhancing circumstance existed; and with a Level 4 felony because the total amount of cocaine was at least one gram but less than five grams. I.C. § 35-48-4-1(d)(1), (c)(1). Cannon does not challenge any of the elements to his crime, rather, his only challenge is the sufficiency of the evidence supporting his identification as the person who

sold the cocaine to CI. The record shows that even though it was around 10:00 p.m. when the two controlled buys took place, there was light on the porch for Detective Wise to keep constant surveillance of the drug transactions and to see Cannon. Detective Wise subsequently identified Cannon in court, and he testified that Cannon was the person that sold cocaine to CI. *See Ross v. State*, 908 N.E.2d 626, 630-631 (Ind. Ct. App. 2009) (holding that the evidence was sufficient to sustain the defendant's conviction for dealing in cocaine where a confidential informant, who did not testify at the trial, participated in a controlled drug buy in a motel room which was monitored by police officers with an audio and video recording device and the motel rooms and the informant were under constant and complete surveillance). Based upon our review of the record, we conclude that the State presented sufficient evidence beyond a reasonable doubt to convict Cannon of his dealing in cocaine charges.

### III. *Probation Revocation*

It is well-established that probation is a matter of grace left to trial court's discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a trial court has exercised its grace by ordering probation rather than incarceration, the trial court has considerable leeway in deciding how to proceed. *Id*. Accordingly, a trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion and reversed only where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. "If the court finds the defendant has violated a condition of his probation at any time before the termination of the

probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007).

[18] On appeal, Cannon claims that the State failed to carry its burden of proving that he violated his probation. At his probation revocation hearing, the State presented evidence that at the time Cannon committed the instant dealing charges, he was on probation under F4-15. Given that Cannon committed two new offenses while serving his probation, the trial court acted well within its discretion to revoke Cannon's probation and to order that he serve the remainder of his previously-suspended sentence.

# CONCLUSION

[19] Based on the foregoing, we conclude that the trial court committed harmless error in admitting Detective Wise's testimony, the State presented sufficient evidence beyond a reasonable doubt to support Cannon's convictions, and the trial court did not abuse its discretion by revoking Cannon's probation.

[20] Affirmed.

[21] May, J. and Altice, J. concur